BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| IN RE TEXAS PRISON HEAT LITIGATION | § § § § | MDL Docket No._____ Civil Action No. 3:13-cv-283 (S.D. Tex.) |

**DEFENDANTS' AMENDED MOTION FOR TRANSFER OF ACTIONS
TO THE SOUTHERN DISTRICT OF TEXAS PURSUANT TO 28 U.S.C. § 1407 FOR
COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Pursuant to 28 U.S.C. § 1407, Defendants in *Roxanne Martone, individually and as heir-at-law to the Estate of Michael Martone v. Brad Livingston, Rick Thaler, William Stephens, Owen Murray, Richard Alford, James Jones, Lannette Linthicum, Patricia Rye, Peggy McCleskey and Kerry Collard, in their individual capacities, the Texas Department of Criminal Justice and the University of Texas Medical Branch*, U.S.D.C. Southern Texas Case No. 3:13-cv-283 (the "*Martone* Action") respectfully move this Panel for transfer and consolidation of related actions to the Southern District of Texas, Houston Division. Pursuant to RPJPML Rule 7.2(a)(ii), a schedule of actions setting forth the following cases for transfer is filed concurrently herewith:

1. *Ramona Hinojosa, individually as a wrongful death beneficiary and as the heir to the Estate of Albert Hinojosa v. Brad Livingston, Rick Thaler, William Stephens, Eileen Kennedy, Ernest Gutierrez, Jr., and Owen Murray in their individual capacities, the Texas Department of Criminal Justice and the University of Texas Medical Branch*
   U.S.D.C. (S.D. Tex.) Case No. 2:13-cv-319 ("*Hinojosa* Action")

2. *Roxanne Martone, individually and as heir-at-law to the Estate of Michael Martone v. Brad Livingston, Rick Thaler, William Stephens, Owen Murray, Richard Alford, James Jones, Lannette Linthicum, Patricia Rye, Peggy McCleskey and Kerry Collard in their individual capacities, the Texas Department of Criminal Justice and the University of Texas Medical Branch*
   U.S.D.C. (S.D. Tex.) Case No. 4:13-cv-3369 ("*Martone* Action")

3. *Stephen McCollum, Stephanie Kingrey and Sandra McCollum, individually and as heirs at law to the Estate of Larry Gene McCollum v. Brad Livingston, Jeff Pringle, Richard Clark, Karen Tate, Sandrea Sanders, Robert Eason, the Texas Department of Criminal Justice and the University of Texas Medical Branch*

        U.S.D.C. (N.D. Tex.) Case No. 3:12-cv-2037 ("*McCollum* Action")

4. *Kevin Webb, individually and as the representative of the Estate of Robert Allen Webb, and Edna Webb, Christin Carson, and Casey Akins, individually and as heirs at law, Cade Hudson, Estate of Douglas Hudson, L. Fields, and Danny Washington v. Brad Livingston, Rick Thaler, William Stephens, Owen Murray, Robert Eason and Tommie Haynes, in their individual capacities, the Texas Department of Criminal Justice and the University of Texas Medical Branch*
U.S.D.C. (E.D. Tex.) Case No. 6:13-cv-711 ("*Webb* Action")

*Consolidated with*

   a. *Ashley Adams, individually and as the representative of the Estate of Rodney Gerald Adams; and Wanda Adams, individually; Carlette Hunter James, individually and as the representative of the Estate of Kenneth Wayne James, Kristy James, Krystal James, Kendrick James, Arlett James, Jonathan James and Kenneth Evans, individually and as heirs-at-law to the Estate of Kenneth Wayne James, and Mary Lou James, individually v. Brad Livingston, individually and in his official capacity, Joe Oliver, Nancy Betts, L. Fields, John Doe, Robert Leonard, Brandon Matthews, Debra Gilmore, Sarah Raines, Danny Washington, Matthew Seda, Tully Flowers, Doris Edwards, Linda McKnight, Revoyda Dodd, Rick Thaler, William Stephens, Robert Eason, Dennis Miller, Reginald Goings and Owen Murray in their individual capacities the Texas Department of Criminal Justice and the University of Texas Medical Branch*
U.S.D.C. (E.D. Tex.) Case No. 3:13-cv-217 ("*Adams* Action")

   b. *Gwen Togonidze, as the next friend of J.T., a minor child and heir-at-law to the Estate of Alexander Togonidze v. Brad Livingston, Rick Thaler, Williams Stephens, Robert Eason and Todd Foxworth, in their individual capacities, the Texas Department of Criminal Justice and the University of Texas Medical Branch*
U.S.D.C. (E.D. Tex.) Case No. 6:14-cv-93 ("*Togonidze* Action")

5. *David Bailey, Marvin Ray Yates, Keith Cole, Nicholas Diaz v. Brad Livingston, Roberto Herrera and Texas Department of Criminal Justice; Charles C. Taylor, interested party* (motion to join pending)
U.S.D.C. (S.D. Tex.) Case No. 4:14-cv-1698 ("*Bailey* Class Action")

In support of this motion, Defendants aver that:

1. All of the foregoing civil actions—the *Hinojosa*, *Martone*, *McCollum* and *Webb* actions—consolidated with the *Adams* and *Togonidze* actions—and the *Bailey* class action

2

(collectively, the "Actions")—have been filed on behalf of the survivors and the estates of offenders who died while incarcerated in the Texas Department of Criminal Justice or on behalf of current TDCJ offenders. The Actions all assert that TDCJ and its officials and employees breached their duty under the Eighth Amendment to provide safe prison conditions and specifically to provide adequate assessment, supervision and comfort to deceased offenders during the historically hot 2011 summer and in 2012 and to living offenders incarcerated in prisons throughout Texas. The Actions are pending in the Northern, Southern and Eastern Districts of Texas. Copies of the complaints and docket sheets in the Actions are attached to the attached declaration of Cynthia L. Burton ("Burton Declaration").[1]

2.    Good cause exists for granting this motion. All of the Actions present similar factual and legal questions arising out of the allegedly unconstitutional conditions of confinement in TDCJ, alleged deliberate indifference to the medical conditions and purported disabilities of the deceased offenders by TDCJ in several prison units located in various parts of North, East and South Texas. A significant amount of the evidence, both testamentary and documentary, is located in Texas. A primary consideration in deciding on a location for transfer and consolidation is the district where the nexus of the case is located. Here, an obvious nexus of the case is the Southern District of Texas, where the majority of the cases are filed.

3.    The Defendants identified above propose that all related or similar conditions of confinement cases filed outside the Southern District of Texas be transferred to the Southern District of Texas and that all related or similar actions be consolidated with the *Martone* Action and the *Bailey* class action currently pending before the Southern District of Texas before the Hon. Keith Ellison.

---

[1] Representation is split within the Office of the Attorney General. Counsel for the remaining Defendants, all of whom are medical or administrative staff employed by the University of Texas Medical Branch or the entity itself, do not join this motion but are unopposed to it.

4. The centralization of these actions in the Southern District of Texas for consolidated pretrial proceedings will promote the just and efficient conduct of these actions, will serve the convenience of all parties and witnesses and will promote the interest of justice because all Actions involve common factual and legal issues.

5. Consolidation of all future related or similar actions before a single court will conserve judicial resources, reduce litigation costs, prevent potentially inconsistent pretrial rulings, eliminate duplicative discovery and permit the cases to proceed to trial more efficiently.

6. The Southern District of Texas has the resources and judicial expertise to properly conduct the case. The Southern District of Texas has an extremely capable bench and has long handled litigation alleging unconstitutional conditions of confinement, deliberate indifference and ADA claims. Judge Ellison is a highly qualified jurist who has the experience and ability to handle this litigation. Indeed, Judge Ellison is already familiar with the issues presented in these cases through the *Martone* Action and the *Bailey* class action.

7. The Southern District of Texas is an extremely convenient location in which to try the consolidated case. The majority of evidence, both testamentary and documentary, relating to TDCJ is located in Huntsville, Texas, a 69-mile drive north from Houston on an Interstate Highway. The majority of evidence relating to UTMB is located in Galveston, Texas, a 51-mile drive south on the same Interstate. The Northern District, in Dallas, is far from the headquarters of the agency Defendants and the Eastern District, located in Tyler, Texas, is a drive of roughly 130 miles from Huntsville on secondary roads. Transfer and consolidation in the Southern District is the most obvious and sensible venue for this litigation.

8. This motion is based upon this notice, the memorandum of law and schedule of actions filed concurrently herewith, the complaints filed in the individual actions subject to this

4

motion to transfer, the docket records and other such records of the courts involved in this litigation.

WHEREFORE, Defendants respectfully request that the Panel order that all pending and future actions asserting related or similar conditions-of-confinement claims filed outside the Southern District of Texas be transferred to the Southern District of Texas and assigned to Judge Keith Ellison, and all related or similar actions be consolidated with the *Martone* Action for coordinated pretrial proceedings.

<div style="margin-left: 3em;">

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ Cynthia L. Burton
**CYNTHIA L. BURTON**
Assistant Attorney General
Attorney in Charge
Texas Bar No. 24057611
cynthia.burton@texasattorneygeneral.gov

**ATTORNEYS FOR TEXAS DEPARTMENT OF CRIMINAL JUSTICE, BRAD LIVINGSTON, RICK THALER, EILEEN KENNEDY, ERNEST GUTIERREZ, JR., RICHARD ALFORD, JEFF PRINGLE, RICHARD CLARK, KAREN TATE, SANDREA SANDERS, ROBERT EASON, TOMMIE HAYNES, ROBERT LEONARD, BRANDON MATTHEWS, DEBRA GILMORE, SARAH RAINES, REVOYDA DODD, DENNIS**

</div>

**MILLER, REGINALD GOINGS, TODD FOXWORTH, LANNETTE LINTHICUM, KERRY COLLARD, MATTHEW SEDA, TULLY FLOWERS, DORIS EDWARDS, JAMES JONES and ROBERTO HERRERA**

Office of the Attorney General of Texas
Law Enforcement Defense Division
P. O. Box 12548, Capitol Station
Austin TX  78711
(512) 463-2080/Fax (512) 495-9139

6