UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RAMONA HINOJOSA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-319 |
| | § | |
| BRAD LIVINGSTON, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER STAYING PROCEEDINGS

This is a wrongful death action brought by the Estate of Albert Hinojosa.[1] At the time of his death, Mr. Hinojosa was a prisoner in the custody of the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and while incarcerated, he received his medical care from the University of Texas Medical Branch, Correctional Managed Care (UTMB-CMC). This action is one of six, substantively identical cases, in which the estates of deceased prisoners allege that the prisoner's death was caused by unmitigated heat and heat-related illness while in TDCJ custody during 2011 and 2012.[2] In addition to the state agencies themselves, Plaintiffs have named as defendants certain executive officers of the TDCJ, TDCJ-CID, UTMB, and UTMB-CMC.

---

[1] This lawsuit was originally filed by Albert Hinojosa's mother, Ramona Hinojosa, on her own behalf and on behalf of Albert Hinojosa's estate. (*See* D.E. 1). However, Mrs. Hinojosa passed away in June 2014, and her attorneys will be filing a motion to substitute a new plaintiff to represent her estate as well as Albert Hinojosa's estate.

[2] The other cases are *Webb v. Livingston,* No. 6:13-cv-711 (E.D. Tex.), consolidated with *Adams v. Livingston,* No. 6:13-cv-712 (E.D. Tex.) and *Togonidze v. Livingston,* No. 6:14-cv-93 (E.D. Tex.); *Martone v. Livingston,* No. 4:13-cv-3369 (S.D. Tex.); and *McCollum v. Livingston,* No. 3:12-cv-2037 (N.D. Tex.).

Pending is the joint motion of all Defendants to stay all new discovery. (D.E. 57). Plaintiff has filed a response in opposition. (D.E. 59). For the reasons stated herein, the Court grants the motion to stay.

## I.   Relevant procedural background.

On November 12, 2013, UTMB filed a motion to dismiss pursuant to Rule 12(b)(6). (D.E. 4). On November 15, 2013, Defendants Brad Livingston, William Stephens, and Rick Thaler (collectively the "TDCJ Executive Defendants") filed a Rule 12(b)(6) motion to dismiss on the grounds of qualified immunity. (D.E. 7).

On January 16, 2014, the Court denied UTMB's motion to dismiss. (D.E. 24).

On February 26, 2014, the Court denied in open court the Rule 12(b)(6) motion of the Executive TDCJ Defendants, and on March 27, 2014, entered its written order codifying that decision. (*See* D.E. 35). In its March 27, 2014 Order, the Court also denied the TDCJ Executive Defendants' motion for reconsideration and set forth the parameters of "narrowly tailored" discovery that could proceed on the issue of the Executive TDCJ Defendants' claims of qualified immunity. (*Id.*)

On April 25, 2014, the TDCJ Executive Defendants filed their notice of appeal of the Order denying their Rule 12(b)(6) motion. (D.E. 43). The appeal was docketed with the Fifth Circuit on May 1, 2014, as No. 14-40459. (*See* D.E. 48).

## II.   Discussion.

The Fifth Circuit has observed that a notice of appeal from a supposedly interlocutory order does not necessarily stay all action in a case pending in a district court:

> A notice of appeal from an interlocutory order does not produce a complete divestiture of the district court's jurisdiction over the case; rather, it only divests the district court of jurisdiction over those aspects of the case on appeal. Our caselaw makes this point clearly: "It is the general rule that a district court is divested of jurisdiction upon the filing of the notice of appeal with respect to any matters involved in the appeal. However, where an appeal is allowed from an interlocutory order, the district court may still proceed with matters not involved in the appeal." *Taylor v. Sterrett*, 640 F.2d 663, 667-68 (5th Cir. 1981); *see also Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S. Ct. 400, 74 L.Ed.2d 225 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control *over those aspects of the case involved in the appeal*.") (emphasis added).

*Alice L. v. Dusek,* 492 F.3d 563, 564-65 (5th Cir. 2007) (per curiam). How broadly a court defines the aspects of the case on appeal depends on the nature of the appeal." *Id.* at 565. In the *Dusek* case, the plaintiff raised § 1983 and Title IX claims against the Eanes Independent School District (ISD) and an individual defendant, Dusek. The trial court denied Dusek's qualified immunity defense. *Id.* at 564. Dusek filed an interlocutory appeal and simultaneously moved to stay all proceedings as she was particularly concerned about discovery directed to the school district. *Id.* The trial court denied her request for a stay and ordered compliance with the discovery requests during the interlocutory appeal. *Id.* Dusek argued to the Fifth Circuit "that her appeal of the district court's denial of qualified immunity is so broad as to divest the district court of jurisdiction to compel her compliance with discovery requests made related to the Title IX claims against Eanes ISD." *Id.* at 565. The Fifth Circuit rejected this argument finding that qualified immunity confers "a right to immunity *from certain claims,* not

from litigation in general." *Id.* (quoting *Behrens v. Pelletier,* 516 U.S. 299, 312) (emphasis in original). The Fifth Circuit concluded that Dusek could not assert qualified immunity with regard to the Title IX claims and was subject to discovery requests related to those claims. *Id.* Thus, discovery was permitted to proceed related to the Title IX claims "because doing so does not interfere with any aspect of Dusek's appeal." *Id.*

As previously noted, this case is one of six lawsuits brought by the estates of deceased prisoners alleging claims under § 1983, the Americans with Disabilities Act, the Rehabilitation Act, and certain state law tort claims. In the three cases consolidated under *Webb v. Livingston,* the trial court denied the TDCJ Executive Defendants' qualified immunity defenses, the TDCJ Executive Defendants appealed, and the trial courts stayed the proceedings. (*See* D.E. 57-1, copy of June 12, 2014 Order Staying Proceedings). In the *McCollum v. Livingston* case, the trial court has stayed all further discovery until after it rules on Defendant Brad Livingston's February 4, 2014 Motion to Dismiss on the Basis of Qualified Immunity. (*See* D.E. 57-2, copy of June 16, 2014 Order). The *Webb* and *McCollum* courts specifically noted that, in the prisoner heat-related death cases, the claims and parties are so intertwined that discovery in one area necessarily overlaps into another, and there would be a great potential for confusion if discovery were allowed to proceed. These courts concluded that it is more prudent to keep all of the parties and all of the claims "on a common track." As the *Webb* court noted, if the interlocutory appeals are unsuccessful, the TDCJ Executive Defendants and other parties may then proceed on the same timeline; should the TDCJ Executive

Defendants prevail on appeal, discovery can be adjusted accordingly and proceed from that point forward.

It would not be beneficial to allow discovery to proceed in this one action while stayed in four other cases. Accordingly, a stay of any new discovery is warranted at this time.

## III.   Conclusion.

A stay following a notice of interlocutory appeal depends on the nature of the appeal and the case. Here, the Court finds that the issues, discovery, and claims are substantially intertwined so as to make proceeding with non-appealed aspects of the case impracticable. Accordingly, the Court grants Defendants' joint motion to stay all new discovery. (D.E. 57). Discovery is stayed until the Fifth Circuit rules on the TDCJ Executive Defendants' appeal of their Rule 12(b)(6) motion.[3]

ORDERED this 21st day of July, 2014.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

---

[3] As this Court noted repeatedly in its Order denying Defendants' Rule 12(b)(6) motion, the Court did not deny Defendants' qualified immunity defense but instead, found that Plaintiff had alleged specific facts that allowed the Court to draw the reasonable inference that the TDCJ Executive Defendants are liable for the harm alleged, and further, that those facts defeat the TDCJ Executive Defendants' claim to qualified immunity; however, additional discovery on the issue of qualified immunity is still warranted. *See Backe v. LeBlanc,* 691 F.3d 45, 648 (5th Cir. 2012).