UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **RENE ARTURO HINOJOSA,** *et al.* § <br> Plaintiff, § <br> § <br> v. § <br> § <br> **BRAD LIVINGSTON,** *et al.*, § <br> Defendants. § | No. 4:14-cv-3311 |

**DEFENDANTS' MOTION TO DISMISS
UNDER RULE 12(b)(1)**

NOW COME Brad Livingston, Rick Thaler, William Stephens, Eileen Kennedy, Ernest Guterrez, Jr., Lannette Linthicum, Jennifer Buskirk, Ruben Villegas, Eismael Ruiz, and the Texas Department of Criminal Justice (hereinafter "Defendants") and move for partial dismissal pursuant to FED. R. CIV. P. 12(b)(1):

**I.      STATEMENT OF FACTS**

Plaintiff is the purported representative of the Estate of Albert Hinojosa, and the estate of his deceased grandmother, Ramona Hinojosa.[1] On Oct. 15, 2013, Ramona Hinojosa filed this action individually and as the purported wrongful death beneficiary and heir to the estate of Albert Hinojosa.[2] Mrs. Hinojosa's wrongful death claims stemmed from the alleged wrongful death of her son Albert Hinojosa, while he was a TDCJ offender incarcerated at the Garza West Unit in Beeville, Texas. Mrs. Hinojosa sought declaratory and injunctive relief, as well as compensatory and punitive damages.[3] After filing the complaint Ramona Hinojosa passed away.[4] Rene Arturo Hinojosa filed Plaintiff's amended complaint as the purported representative of the Estate of Albert

---

[1] D.E. 69-1 at 1.
[2] D.E. 1.
[3] *Id.*
[4] D.E. 60.

1

Hinojosa and as the purported representative of the Estate of Ramona Hinojosa.[5] Rene Arturo Hinojosa is the purported grandson of Ramona Hinojosa and the purported nephew of Albert Hinojosa.[6] Mr. Hinojosa brings claims for declaratory and injunctive relief, as well as compensatory and punitive damages.[7]

## II.   ARGUMENT AND AUTHORITIES

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional power to adjudicate the case."[8] The party seeking to invoke jurisdiction bears the burden of demonstrating its existence.[9] "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court."[10] An action may be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) on any of three separate grounds: (1) the complaint standing alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint, the undisputed facts, and the court's resolution of disputed facts.[11] The instant motion falls within the first category. A plaintiff must have standing to bring suit.[12] Standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a justiciable interest in its outcome.[13] The question of standing implicates the Court's subject-matter jurisdiction, and the Court applies the standards for a motion to dismiss pursuant to Rule 12(b)(1).[14]

---

[5] D.E. 69-1 at 2-3.
[6] *Id.*
[7] D.E. 69-1.
[8] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted).
[9] *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).
[10] *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted).
[11] *Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989).
[12] *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 1005).
[13] *Id.*
[14] *Crane v. Napolitano*, 920 F. Supp. 2d 724, 732 (N.D. Tex. 2013

A party asserting a case or controversy must not only have standing to sue but the issues must not be moot. "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies."[15] A case can become moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.[16] "The mootness doctrine implicates subject matter jurisdiction."[17] Thus, if a case or an issue in the case is moot, the Court lacks subject matter jurisdiction to decide the case or the issue.

Courts look to the law of the forum state in determining what law governs survival and wrongful death actions brought under 42 U.S.C. § 1983.[18] A party must have standing under the state wrongful death or survival statutes to bring a claim under 42 U.S.C. §1983.[19] "The Fifth Circuit has consistently borrowed from the Texas survival and wrongful death statutes in determining who has standing to bring such claims under § 1983."[20] A survival claim belongs to the decedent and preserves a claim for the estate, instead of creating a new cause of action for the decedent's survivors.[21] The personal injury action survives to and in favor of the heirs, legal representatives, and estate of the injured person.[22] A wrongful death claim, on the other hand, belongs to the statutory beneficiaries and does not benefit the estate.[23] Only the decedent's spouse, children and parents may bring a wrongful death action.[24] "Wrongful death benefits in Texas do not belong to the decedent's estate."[25]

---

[15] *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983).
[16] *Already, LLC. V. Nike, Inc.*, 133 S.Ct. 721, 726-27, 184 L. Ed. 2d 553 (2013).
[17] *Sepulveda v. Medrano*, 323 S.W.3d 620, 625 (Tex. App.—Dallas 2010, no pet.).
[18] *White v. Livingston*, 2009 WL 2900771, at 4 (S.D. Tex. Sept. 3, 2009).
[19] *Neal v. City of Hempstead, Tex., et al.*, 2013 WL 105036, at 3 (Jan. 8, 2013).
[20] *White*, 2009 WL 2900771 at 4.
[21] *Id.*
[22] TEX. CIV. PRAC. & REM. CODE § 71.021 (2014).
[23] *White*, 2009 WL 2900771 at 5.
[24] *Id.*
[25] *Id.*

### A.    Plaintiff lacks standing to sue for wrongful death on behalf of the estate of Ramona Hinojosa.

Arturo Hinojosa is not a beneficiary under the Texas Wrongful Death Act and Ramona Hinojosa's claim, under the Texas Wrongful Death Act, does not survive her death. A cause of action for wrongful death is for the "exclusive" benefit of the decedent's surviving spouse, children, and parents.[26] The Texas Legislature intended a cause of action for wrongful death to be personal to the beneficiary.[27] A claim for wrongful death does not survive the beneficiary's death.[28] In *Wackenhut*, the court found that since the plaintiff's wrongful death claim did not survive his death, it followed that his estate lacked standing to pursue the claim.[29] A wrongful death claim expires with the death of the wrongful death beneficiary.[30]

Rene Arturo Hinojosa is the purported nephew of the decedent Albert Hinojosa.[31] Ramona Hinojosa, the original plaintiff, was the purported mother of Albert Hinojosa.[32] She brought claims as a statutory beneficiary under the Texas Wrongful Death Act.[33] However, while the lawsuit was pending, Ramona Hinojosa passed away and Rene Arturo Hinojosa has purportedly been appointed her estate's administrator.[34] Rene Arturo Hinojosa is not a surviving spouse, child or parent of Albert Hinojosa. He does not have standing to assert a claim under the Texas Wrongful Death Act for the alleged wrongful death of Albert Hinojosa.[35] Ramona Hinojosa's wrongful death

---

[26] TEX. CIV. PRAC. & REM. CODE § 71.004 (2014).
[27] *Wackenhut Corr. Corp. v. de la Rosa*, 305 S.W.3d 594, 633 (Tex. App.—Corpus Christi 2009, no pet.).
[28] *Id*.
[29] *Id*. at 634.
[30] *McCoy v. Pfizer, Inc.*, 2010 WL 3365284 (E.D. Tex. Aug. 3, 2010) report and recommendation adopted, 2010 WL 3365110 (E.D. Tex. Aug. 25, 2010).
[31] D.E. 69-1 at 2.
[32] *Id*.
[33] *Id*. at 2-3.
[34] *Id*. at 3.
[35] TEX. CIV. PRAC. & REM. CODE § 71.004 (2014) ("An action to recover damages as provided by this subchapter is for the exclusive benefit of the surviving spouse, children, and parents of the deceased.")

claim expired with her death.[36] Therefore, her estate lacks standing to pursue the claim under the Texas Wrongful Death Act. As Ramona Hinojosa's estate lacks standing to sue, under the Texas Wrongful Death Act, this Court lacks subject-matter jurisdiction over Ramona Hinojosa's alleged wrongful death claims.

**B.      The estate of Ramona Hinojosa lacks standing and capacity to bring a survival cause of action on behalf of the estate of Albert Hinojosa.**

Plaintiff cannot assert a survival action for the death of Albert Hinojosa on behalf of the estate of Ramona Hinojosa because the estate of Ramona Hinojosa lacks standing and capacity to assert a survival action. A plaintiff must have both standing and capacity to bring a lawsuit.[37] "The parties to a survival action seek adjudication of *the decedent's own* claims for the alleged injuries inflicted upon her by the defendant. Had the decedent lived, she would have had standing to seek redress in the courts for those injuries; due to her death, a representative must pursue the claim on her behalf."[38] The estate of the decedent is the entity that retains a justiciable interest in the survival action sufficient to confer standing.[39] "A survival action 'preserves a claim for the estate rather than creating a new cause of action for those surviving the decedent.'"[40] "In general, only the estate's personal representative has the capacity to bring a survival claim."[41]

The estate of Albert Hinojosa has standing to bring a survival cause of action. The estate of Ramona Hinojosa does not have standing to bring a survival cause of action because she is not the one who incurred the alleged injuries. Ramona Hinojosa's estate does not have a justiciable

---

[36] *Wackenhut*, 305 S.W.3d at 634 ("we hold that a wrongful death beneficiary's claim for the wrongful death of another does not survive the beneficiary's death.")
[37] *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005).
[38] *Id.* at 850.
[39] *Id.*
[40] *White*, 2009 WL 2900771 at 4.
[41] *Id*; *Neal*, 2013 WL 105036 at 3; *Austin*, 171 S.W.3d at 850.

interest in the survival action.[42] Rene Arturo Hinojosa is the purported representative of the estate of Albert Hinojosa. He has capacity to assert a survival claim on behalf of the estate of Albert Hinojosa, not the estate of Ramona Hinojosa.[43] The estate of Ramona Hinojosa does not have the capacity to assert a survival claim on behalf of the estate of Albert Hinojosa because it is not said estates representative.[44] All survival claims on behalf of the estate of Ramona Hinojosa should be dismissed because the estate lacks standing and capacity to assert a survival claim in this instance.

C.     **Plaintiff's lack standing to bring claims for injunctive relief.**

Plaintiff has no justiciable interest in declaratory or injunctive relief; therefore, Plaintiff lacks standing to bring such claims. The death of an offender renders a claim for prospective injunctive relief against the prison conditions moot.[45] In *Flores ex rel. Estate of Flores v. Fox*, the 5th Circuit held that plaintiff's claim for injunctive relief was mooted by his death.[46] "The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties."[47] In *Bowman*, the court held that "given the fact that Anthony is dead, any claim for injunctive relief is moot."[48] Here, Albert Hinojosa is deceased. Plaintiff lacks a justiciable interest in the claims for declaratory and injunctive relief brought on behalf of Mr. Hinojosa's estate or on behalf of any alleged heir-at-law individually because the claims are mooted by his death. As such, Plaintiff lacks standing to assert a claim for declaratory and injunctive relief.

There are two exceptions to this doctrine, neither of which applies in this case. The rare instances, where a court holds that a case involving a deceased prisoner is not moot, is when it is

---

[42] *Austin*, 171 S.W.3d at 850 ("We therefore hold that, in a survival action, the decedent's estate has a justiciable interest in the controversy sufficient to confer standing.")
[43] *Id*. ("In general, only the estate's personal representative has the capacity to bring a survival claim.")
[44] *Id*.
[45] *Palo ex rel. Estate of Palo v. Dallas Cnty.*, 2006 WL 3702655 (N.D. Tex. Dec. 15, 2006; *Lee v. Valdez*, 2009 WL 1406244 (N.D. Tex. May 20, 2009)(citing *Bowman v. Corr. Corp. of Am.*, 350 F.3d 537, 550 (6th Cir. 2003).
[46] *Flores ex rel. Estate of Flores v. Fox*, 394 Fed. Appx. 170, 171 (5th Cir. 2010).
[47] *Bowman v. Corr. Corp. of Am.*, 350 F.3d 537, 550 (6th Cir. 2003).
[48] *Id*.

a class action or it is "capable of repetition yet evading review."[49] However, "the capable-of-repetition doctrine applies only in exceptional circumstances, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality."[50] In Lyons, some of the alleged claims for damages remained to be litigated, as such, in no senses did the claims evade review.[51] Similarly, Plaintiff's claims for damages remain to be litigated, and in no sense do those claims evade review. Other prisoners can bring claims for declaratory and injunctive relief; thereby, those claims also do not evade review. An injunction in this case would have no legal impact on Plaintiff's legal interests. This Court lacks subject matter jurisdiction to adjudicate any of Plaintiff's claims for declaratory or injunctive relief because Plaintiff lacks standing due to Mr. Hinojosa's death.

      Even if Plaintiff argues that the case could conceivably lend itself to pleading as a class action, that argument is unavailing. As the court in *Bowman* held, "although Bowman's case could conceivably lend itself to pleading as a class action, we cannot change the posture of the case in this appeal."[52] Furthermore, as in *Palo*, Plaintiff does not argue, and makes no attempt to show that he has standing to assert claims on behalf of other detainees.[53] Absent any indication that Plaintiff himself is an offender housed in TDCJ custody or is acting in some capacity that would give him standing to sue on behalf of TDCJ offenders, he lacks standing.[54]

---

[49] *Palo*, 2006 WL 3702655 at 8.
[50] *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983).
[51] *Id.* ("Lyons' claim that he was illegally strangled remains to be litigated in his suit for damages; in no sense does that claim 'evade' review.")
[52] *Bowman*, 350 F.3d at 550.
[53] *Palo*, 2006 WL 3702655 at 9.
[54] *Id.*

**D.     The TTCA does not waive Eleventh Amendment immunity to suit in federal courts.**

Plaintiff sues TDCJ for alleged negligence under a premises liability theory under the Texas Tort Claims Act (TTCA). There is an apparent split among the district courts regarding whether Texas' sovereign immunity is waived in federal courts for claims under the Tort Claims Act. The great weight of Fifth Circuit and district court law holds that the Texas Tort Claims Act waives sovereign immunity in state court only and not in federal court. Accordingly, Plaintiff's TTCA claim against TDCJ must be dismissed.

The Eleventh Amendment to the United States Constitution is an explicit jurisdictional bar against suits brought in federal court against the State. U.S. CONST. Amend. XI. Absent waiver, the immunity afforded by the Eleventh Amendment applies regardless of the nature of relief sought.[55] The immunity afforded by the Eleventh Amendment extends to state agencies.[56] As a state agency, TDCJ is immune from suit under the Eleventh Amendment.[57]

This Court lacks jurisdiction over Plaintiff's claim against TDCJ under the Texas Tort Claims Act (TTCA). The TTCA specifically provides that "[a] suit under this chapter shall be brought *in state court* in the county in which the cause of action arose or a part of the cause of action arises."[58] A state does not waive Eleventh Amendment immunity in federal courts merely by waiving sovereign immunity in its own courts.[59] "A state's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued."[60] The TTCA waives

---

[55] *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 146 (1993).
[56] *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).
[57] *Lewis v. Univ. of Texas Med. Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011).
[58] TEX. CIV. PRAC. & REM. CODE § 101.102(a) (2014) (emphasis added).
[59] *Sherwinski v. Peterson*, 98 F.3d 849, 851-52 (5th Cir. 1996) (citing *Welch v. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473-74 (1987)).
[60] *Welch*, 483 U.S. at 473 (quoting *Pennhurst*, 465 U.S. at 99 (emphasis in original)).

sovereign immunity in state court only.[61] Accordingly, the Eleventh Amendment bars Plaintiff's TTCA claims against TDCJ.

Defendants acknowledge that several district court opinions have held that the "venue" statute of the Texas Tort Claims Act does not defeat federal jurisdiction over lawsuits brought under the Act.[62] However, *Hobart* relied upon *Mifsud* and *Lester* for this proposition, and both cases predate the fifth circuit's contrary opinion in *Sherwinski*. *Hobart* also relies on *Jackson*, which predates the fifth circuit's contrary position in *Walker*, discussed below. Defendants also recognize that in a similar case, *Martone, et al. v. Livingston, et al.*, No. 4:13-cv-3369 (U.S.D.C.—Houston, filed Aug. 7, 2013), this Court, citing *Jackson*, held that the court had supplemental jurisdiction over Plaintiffs' TTCA claim.[63] Defendants respectfully contend that these cases were wrongfully decided based on applicable Fifth Circuit and multiple district court case law.

In *Sherwinski*, a Texas state prisoner filed suit alleging violations of the Eighth Amendment and 42 U.S.C. § 1983 and also asserted a supplemental state law claim against the TDCJ under the Texas Tort Claims Act.[64] The court noted that the TTCA "provides that a suit under this chapter shall be brought in state court in the county in which the cause of action arose or a part of the action arises."[65] Furthermore, a state does not waive Eleventh Amendment immunity in federal courts by waiving sovereign immunity in its own courts.[66] The court held that the Texas Tort Claims Act waives sovereign immunity in state court only and dismissed the plaintiff's state law claims under the TTCA.[67] In *Walker*, the Fifth Circuit upheld its decision in *Sherwinski* that the

---

[61] *Sherwinski*, 98 F.3d at 852.
[62] *Hobart v. City of Stafford*, 784 F. Supp. 2d 732, 759 (S.D. Tex. 2011); *Jackson v. Sheriff of Ellis County, Texas*, 154 F. Supp. 2d 917, 920 (N.D. Tex. 2001); *Mifsud v. Palisades Geophysical Inst., Inc.*, 484 F. Supp. 159, 161 (S.D. Tex. 1980); *Lester v. Terry County, Texas*, 353 F. Supp. 170, 171 (N.D. Tex. 1973).
[63] *Martone, et al. v. Livingston, et al.*, No. 4:13-cv-3369 (U.S.D.C.—Houston, filed Aug. 7, 2013) D.E. 72.
[64] *Sherwinski*, 98 F.3d at 850-51.
[65] *Id*. at 851.
[66] *Id*. at 851-52.
[67] *Id*. at 852.

9

Texas Tort Claims Act does not waive Eleventh Amendment immunity in federal court.[68] Multiple district courts also have held that the Texas Tort Claims Act does not waive Eleventh Amendment immunity from suit in federal court.[69] Furthermore, three cases out of the southern district, decided after *Hobart*, upheld the reasoning in *Sherwinski*, holding that the State of Texas has not waived sovereign immunity to lawsuits filed in federal court.[70] The great weight of persuasive authority holds that claims under the Texas Tort Claims Act brought against state agency defendants are barred by the Eleventh Amendment in federal court.

Plaintiffs chose to bring suit under the Texas Tort Claims Act in federal court. The TDCJ has not waived sovereign immunity nor Eleventh Amendment immunity and this Court does not have subject matter jurisdiction over the Texas Tort Claims Act claims brought by Plaintiff. Plaintiffs' claims under the TTCA are barred by the Eleventh Amendment and should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).

### III.   CONCLUSION

Plaintiff lacks standing to sue, under the Texas Wrongful Death Act, on behalf of the estate of Ramona Hinojosa. Plaintiff's survival claim on behalf of the estate of Ramona Hinojosa should be dismissed with prejudice for lack of subject-matter jurisdiction. Plaintiff's lacks standing to bring claims for declaratory and injunctive relief because they are moot and should be dismissed with prejudice for lack of subject-matter jurisdiction. Plaintiff's claims, under the Texas Wrongful Death Act, should be dismissed with prejudice for lack of subject-matter jurisdiction. Plaintiff's

---

[68] *Walker v. Livingston*, 381 Fed. Appx. 477, 479 (5th Cir. 2010).
[69] *Martin v. TDCJ-CID*, 2011 WL 855787, at 6 (E.D. Tex. Feb. 3, 2011) report and recommendation adopted sub nom. *Martin v. TDCJ*, 2011 WL 855766 (E.D. Tex. Mar. 8, 2011); *Ripley v. Univ. of Tex. Health Sci. Ctr. at San Antonio*, 400 F. Supp. 2d 933, 938 (W.D. Tex. 2005); *White v. Livingston*, 2009 WL 2900771 at *6 (S.D. Tex. 2009).
[70] *Shipula v. Texas Dept. of Family Protective Servs.*, 2011 WL 1882521 at *11 (S.D. Tex. 2011); *Powers v. Clay*, 2012 WL 535549 at *5 (S.D. Tex. 2012); *Marshall v. Texas Comm'n of Health and Human Servs.*, 2014 WL 4364867 at *1 (S.D. Tex. 2014).

premises liability claim under the TTCA is barred by the Eleventh Amendment and should be dismissed.

        Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ Cynthia L. Burton
**CYNTHIA L. BURTON**
Assistant Attorney General
Attorney in Charge
Texas Bar No. 24035455
cynthia.burton@texasattorneygeneral.gov

**MATTHEW J. GREER**
Assistant Attorney General
Co-Counsel
Texas Bar No. 24069825
Southern District ID No. 1171775
matthew.greer@texasattorneygeneral.gov

**BRUCE R. GARCIA**
Assistant Attorney General
Co-Counsel
Texas Bar No. 07631060
Southern District ID No. 18934
bruce.garcia@texasattorneygeneral.gov

**ATTORNEYS FOR DEFENDANTS
TDCJ, LIVINGSTON, THALER, STEPHENS,
KENNNEDY, GUTERREZ, LINTHICUM, BUSKIRK,
VILLEGAS AND RUIZ**

## NOTICE OF ELECTRONIC FILING

I, **CYNTHIA L. BURTON**, Assistant Attorney General of Texas, certify that I have electronically submitted for a copy of the foregoing for filing in accordance with the Electronic Case Files system of the Southern District of Texas on Dec. 8, 2014.

/s/ Cynthia L. Burton
**CYNTHIA L. BURTON**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **CYNTHIA L. BURTON**, Assistant Attorney General of Texas, certify that I have served all counsel or *pro se* parties of record electronically or by another manner authorized by FED. R. CIV. P. 5 (b)(2).

/s/ Cynthia L. Burton
**CYNTHIA L. BURTON**
Assistant Attorney General