UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RENE ARTURO HINOJOSA, as representative of the ESTATE OF RAMONA HINOJOSA, and the ESTATE OF ALBERT HINOJOSA, <br>              PLAINTIFF, <br><br> v. <br><br> BRAD LIVINGSTON, RICK THALER, WILLIAM STEPHENS, EILEEN KENNEDY, ERNEST GUTERREZ, JR., LANNETTE LINTHICUM, JENNIFER BUSKIRK, ADELE QUINTANILLA, RUBEN VILLEGAS, EISMAEL RUIZ and OWEN MURRAY in their individual capacities, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, and UNIVERSITY OF TEXAS MEDICAL BRANCH, <br>              DEFENDANTS. | § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. <br> 4:14-cv-3311 <br><br><br> JURY DEMANDED |

**PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

The Court should deny Defendants' motion for a protective order, and allow Plaintiffs to conduct written discovery necessary to prove an element of punitive damages. In the alternative, Defendants' proposed stay is unreasonably long and prejudices the Plaintiffs, and Defendants should be required to respond within fourteen days of the denial of any motion for summary judgment seeking protections of qualified immunity.

**I.    FACTUAL BACKGROUND**

Extremely hot conditions inside prisons operated by the Defendants killed Plaintiffs' decedents. Despite Defendants' knowledge that numerous prisoners had died before due to the very hot indoor temperatures, the Defendants did little to nothing to protect Plaintiffs' decedents – even though the decedents each had medical conditions the

Defendants knew made them exceptionally vulnerable to heat-related death. Plaintiffs have alleged they are entitled to punitive damages.

The Court supervised the deposition of Defendant Brad Livingston, the prison system's executive director. When Livingston was asked to provide a statement of his net worth, an element of punitive damages, the Court sustained an objection to the question, and stated the issue would be handled "by interrogatories." Ex. 1, Deposition of Brad Livingston, Oct. 2, 2015, pp. 106-109. Plaintiffs served interrogatories to Livingston and the other individual defendants, from which the Defendants now seek protection.

II.     ARGUMENT AND AUTHORITIES

    A.     **Plaintiffs State a Claim for Punitive Damages**

In this suit alleging deliberate indifference by prison officials, Plaintiffs have stated a claim for punitive damages. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 268 (1981) (punitive damages appropriate in § 1983 actions to "punish violations of constitutional rights" and "prevent future misconduct"). A number of Circuits have held that a finding of deliberate indifference in a § 1983 case will support an award of punitive damages, as the standards for culpability in each instance are essentially the same:

> Defendants next criticize the district court's instructions regarding punitive damages. Such damages are available in §1983 actions for conduct that involves "reckless or callous indifference to the federally protected rights of others," as well as for conduct motivated by evil intent. Defendants' contention that there was insufficient evidence to establish willfulness or malice is thus irrelevant. The callous indifference required for punitive damages is essentially the same as the deliberate indifference required for a finding of liability on the §1983 claim; the propriety of a guilty verdict on the latter thus supports the punitive damage award as well.

*Cooper v. Dyke*, 814 F.2d 941, 948 (4th Cir. 1987) (citations omitted); *accord Hill v. Marshall*, 962 F.2d 1209, 1217 (6th Cir. 1992); *Walsh v. Mellas*, 837 F.2d 789, 801-2 (7th Cir. 1988).

The Fifth Circuit reached the same conclusion, and applies the same "reckless or callous indifference" standard for punitive damages employed by the Circuits cited above. *See*, *e.g.*, *Williams v. Kaufman County*, 352 F.3d 994, 1015 (5th Cir. 2003). In *Lamb v. Mendoza*, 478 Fed. Appx. 854 (5th Cir. 2012), a civil rights plaintiff argued that he had met the evidentiary predicate for a punitive damage award because his evidence proved Defendants' deliberate indifference to constitutional rights – the rationale of the cases cited above. Though the Fifth Circuit ultimately decided the plaintiff failed to establish proximate cause (and thus was not entitled to any damages), the discussion of the punitive damage standard is persuasive in the Fifth Circuit, especially because it tracks the holdings of the Fourth, Sixth, and Seventh Circuits. *Id*. at 857.

It is undisputed that an element of the punitive damages analysis is the Defendants' "personal financial resources." *City of Newport*, 453 U.S. at 269. As Magistrate Judge Austin of the Western District of Texas found, net worth discovery is permissible in § 1983 cases. *Amin-Akbari v. City of Austin*, No. A–13–CV–472–DAE, 2014 WL 4657491, *2 (W.D. Tex. Sept. 16, 2014) (Austin, Mag. J.)

> [Plaintiff] is entitled to discovery on the issue of personal finances, as his questions on those issues are "reasonably calculated to lead to the discovery of admissible evidence" related to punitive damages. FED. R. CIV. P. 26(b)(1). 'When a punitive damages claim has been asserted by the plaintiff, a majority of federal courts permit pretrial discovery of financial information of the defendant without requiring plaintiff to establish a prima facie case on the issue of punitive damages.'

*Id*. (citing *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.*, 130 F.R.D. 149, 151 (D. Kan. 1990)). The majority of cases in the Fifth Circuit permit pre-trial discovery of net worth to assess claims for punitive damages. *See Regions Ins., Inc. v. Alliant Ins. Servs. Inc.*, No. 3:13–CV–667–HTW–LRA, 2015 WL 1886852, *5 (N.D. Miss. Apr. 24, 2015) (collecting cases).

As such, Plaintiffs not only need, but are entitled to, discovery on this matter in advance of trial.

### B. Qualified Immunity Does Not Protect Defendants from Net Worth Discovery

Qualified immunity should not shield the Defendants from this necessary and minimally invasive discovery. The immunity only protects the Defendants from discovery that is "either avoidable or overly broad." *Webb v. Livingston*, 618 Fed. Appx. 201, 210 (5th Cir. 2015) (citing *Lion-Boulos v. Wilson*, 834 F.2d 504 (5th Cir. 1987)). Requiring Defendants to answer interrogatories regarding their net worth – as opposed to more invasive methods of discovery like depositions or productions of underlying documents to calculate net worth – is minimally invasive and appropriate. *See Amin-Akbari*, No. A–13–CV–472–DAE, 2014 WL 4657491, at *2. Indeed, this is how the Court indicated during Mr. Livingston's deposition it preferred to conduct this discovery.

Secondly, Defendants have not sought summary judgment on their qualified immunity defense, or even agreed to a scheduling order to set a deadline to seek the defense. Here, the Fifth Circuit has ruled that Plaintiffs allege a violation of clearly established law. *Hinojosa v. Livingston*, 807 F.3d 657, 670 (5th Cir. 2015). The Plaintiffs have alleged Defendants conduct was objectively unreasonable. *Id.* ("a prison official acts unreasonably when he, either directly or through his policy, subjects an inmate to

4

extremely dangerous temperatures without adequate remedial measures in conscious disregard of the risk posed by those temperatures"). *See also Martone v. Livingston*, No. 4:13–CV–3369, 2014 WL 3534696, *9 (S.D. Tex. July 16, 2014) (Ellison, J.) ("Plaintiff has alleged sufficient facts that would defeat qualified immunity" but deferring "a definitive" ruling on qualified immunity). Now, for certain Defendants – Livingston, Thaler, Stephens, and Linthicum – little (if any) additional discovery is necessary to resolve whether a fact issue exists as to their entitlement to immunity. Defendants have not filed a motion for summary judgment, or even sought entry of a scheduling order with such a deadline, even now, more than 10 months after the Circuit remanded this case.

Moreover, as a practical matter, several of the Defendants have retired from public service since this litigation commenced, making the policy justification of "avoid[ing] distraction of officials from their governmental duties" unavailing. *See Lion-Boulos*, 834 F.2d at 507 (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 816 (1982)). Livingston, Thaler, and Stephens are no longer employed by TDCJ, and have left public employment.[2] This discovery can no longer be even theoretically described as "peculiarly disruptive of effective government." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

In similar cases where Defendants have delayed seeking a ruling on qualified immunity, courts have ordered punitive damage discovery can proceed. *See, e.g.*, *Cefalu v. Village of Glenview*, No. 12 C 5995, 2013 WL 5878603, *3 (N.D. Ill. Nov. 1, 2013).[3]

---

[2] *See* Ex. 2, Thaler Depo., pp. 17:23-18:2; Ex. 3, Doc. 547, *Cole v. Livingston*, Defendants' Opposed Motion for Substitution of Party, p. 1; Exs. 4-6, Criminal Justice Connections (articles in TDCJ's agency news showing Stephens, Thaler, and Livingston retirement announcements).
[3] In the alternative, the Court should set a schedule requiring the Defendants to file motions seeking qualified immunity.

C.     **Punitive Damages Discovery is Appropriate at this Time**

With this case pending almost three years, Plaintiffs need the net worth discovery to evaluate the value of the cases so that counsel may appropriately advise them. If certain Defendants are judgment proof, Plaintiffs need to know the extent of their collectible assets to effectively contemplate settlement. The extensive work necessary to litigate these cases will make any § 1988 attorneys' fee award alone substantial when Plaintiffs prevail, and Plaintiffs need to know what (if anything) is available to pay any awards.

Additionally, some Defendants need to be deposed prior to summary judgment on qualified immunity issues. To the extent that these Defendants' responses to written discovery on this question may be inadequate or require explanation at deposition, this written discovery should proceed now to promote judicial economy.

Finally, due to the protracted nature of this litigation, and the potential for very large punitive damage awards, Plaintiffs need a current statement of Defendants' net worth to guard against fraudulent transfers. *See In re Pace*, 456 B.R. 253, 266 (Bankr. W.D. Tex. May 16, 2011) (elements of fraudulent transfer). As Defendants' motion notes, Texas protects a number of assets from attachment or execution. TEX. PROP. CODE § 42.002.

In the alternative, if the Court believes a protective order is warranted, providing a net worth statement only at the final pre-trial conference unduly prejudices the Plaintiffs. At that late stage in the game, Plaintiffs would be unable to conduct any meaningful asset investigation, or follow-up discovery. As the Defendants will no longer be entitled to the protection of qualified immunity after the Court rules on any motions for summary

6

judgment, Defendants should be required to respond fully to the discovery requests within fourteen days of any ruling denying motions for summary judgment based on immunity.

## IV.   CONCLUSION

Defendants' motion for a protective order should be denied because Plaintiffs have alleged an entitlement to punitive damages, and have alleged facts sufficient to overcome the defense of qualified immunity.

Date: September 20, 2016

> Respectfully submitted,
>
> The Edwards Law Firm
> The Haehnel Building
> 1101 East 11th Street
> Austin, TX 78702
>     Tel.   512-623-7727
>     Fax.   512-623-7729
>
> By   /s/ Jeff Edwards
> JEFF EDWARDS
> State Bar No. 24014406
> Lead Counsel
>
> SCOTT MEDLOCK
> State Bar No. 24044783
> DAVID JAMES
> State Bar No. 24092572
>
> Michael Singley
> THE SINGLEY LAW FIRM, PLLC
> State Bar No. 00794642
> 4131 Spicewood Springs Rd.
> Austin, Texas 78759
>     Tel.   (512) 334-4302
>     Fax.   (512) 727-3365
>
> **ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

By my signature above, I certify that a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case Files System of the Southern District of Texas.

By   /s/ Jeff Edwards
JEFF EDWARDS